STATE (on the complaint of EDWARD P. KNOWLES) v. MARTIN
C. POLLARD.

The ordinance passed by the town council of North Providence, on the fourth day of
    March, 1850, entitled " An ordinance for the government and regulation of the police
    of the town of North Providence," although not contained in the revised ordinances of
    said town adopted by the town council of North Providence in 1858, is not repealed
    thereby, because " not repugnant to the provisions of the ordinances " contained there-
    in, and so not within the repealing clause of said revision.
Nor is the above ordinance repealed by the fourth section of the act of the general assem-

State *v.* Pollard.

bly, passed at the January session, 1852, entitled " An act authorizing the town of North Providence to establish bridewells, and for other purposes."

COMPLAINT and warrant against the defendant, charging, that at North Providence, on the first day of August, 1859, by loud shouting and obscene language in a street of said town, to wit: the street leading by the Treadwell farm, so called, and other public places in said town, he annoyed the peaceable inhabitants of said town, and the passengers in said street, against an ordinance of said town, in such case made and provided, and against the peace, &c.

This, and several other complaints for the same offence at other times, were made by the same prosecutor against the defendant, upon which warrants having been issued by William Earle, Esq. a justice of the peace for the town of North Providence, and the defendant having been found guilty, he brought the same by appeal to this court. The appeals were tried, at this term, before Mr. Justice Bosworth, sitting with a jury; and verdicts were taken against the defendant, subject to the opinion of the court upon the question whether the ordinance, under which the defendant was prosecuted, was in force at the time of his alleged offences against it.

The ordinance was passed by the town council of North Providence, on the 4th day of March, 1850, and was as follows: —

" An Ordinance, for the government and regulation of the police of the town of North Providence.

It is ordered by the town council of said town as follows: —

Sect. 1. Every person who shall be convicted of riotous or disorderly conduct in the streets, highways, or other public places in said town, committed by obstructing in a disorderly manner any street or sidewalk, or by loud shouting or obscene language, to the annoyance of any of the peaceable inhabitants of said town or passengers in any street or highway of the same, on conviction thereof before any justice of the peace or competent court, shall forfeit and pay as a fine not less than one dollar nor more than twenty dollars to and for the use of the town, and in default of paying the same shall be committed to the bridewell in this town for not more than twenty-four hours, or to the county jail for not more than ten days.

Sect. 2. Henry M. Tucker, James H. Angell, and John, S. Dispeau are hereby appointed officers to complain and prosecute for violations of this ordinance.

Ordered, That the clerk cause printed copies of this Ordinance to be posted up in public places in this town."

At the January session of the General Assembly, 1852, an act was passed, entitled, " An act authorizing the town of North Providence to establish bridewells, and for other purposes," by the 4th section of which it was enacted :

" Sect. 4. Any person who shall be found intoxicated or quarrelling, or revelling, or wantonly making a false alarm or cry of fire, or otherwise behaving in a disorderly or indecent manner, to the disturbance of the orderly people of said town, in any public street, lane, public building, or other public place, wharf or common, in said town, or shall aid, incite or encourage the same to be done, shall, on conviction thereof, be sentenced to pay a fine not exceeding five dollars, or to be imprisoned not exceeding ten days, in one of the bridewells of said town established pursuant to this act, at the discretion of the justice having cognizance of the offence, and to pay all costs of prosecution and conviction ; and in default of paying such fine and costs, to stand committed to such bridewell until such sentence be performed in all its parts ; *Provided,* that such person shall not be kept in imprisonment for a longer period than ten days for any one default, except as provided in the tenth section of this act."

The 14th section of this act provided, that " Every complaint for any offence against this act shall be commenced within ten days after the commission thereof, and not after. "

In 1858, the town council of North Providence revised, digested, and published in pamphlet form, the ordinances of the town passed by the town council; the pamphlet containing also the several acts of the General Assembly specially relating to the police of the town, and the ordinances of the town passed in town-meeting. Amongst the ordinances passed by the town council which were then revised and digested, was one " in relation to sidewalks, lanes, crosswalks, and passageways," the first section of which was as follows : —

State _v._ Pollard.

" Sect. 1. All persons who shall obstruct any sidewalk, passage-way, crosswalk, or lane, in the village of Pawtucket, or other compact part of said town, by congregating or standing therein, or crowding the same, to the annoyance or disturbance of the peaceable inhabitants thereof, or passengers in or through such lane, passage-way, crosswalk or sidewalk, shall forfeit and pay a fine of not less than one dollar, nor more than twenty dollars."

The first of the two concluding ordinances in this revision, amongst other things, provided, " that all complaints under these ordinances shall be made within ten days after the commission of the offence ; " and the concluding ordinance in the revision repealed " all ordinances heretofore passed by said town council, which are repugnant to the provisions of the abovenamed ordinances." The ordinance under which the defendant was prosecuted was not in the revision, and was, as contended, one of the ordinances referred to in this provision for repeal.

A motion was now made by the defendant to set aside the verdicts against him, upon the ground that the ordinance under which he had been convicted had been repealed.

*Clarke*, for the prosecutor.

*Thurston*, for the defendant.

Bosworth, J. This is a motion to set aside a verdict of the jury, on the ground, that the ordinance of the town council of North Providence, under which the complaint was made, has been repealed.

The ordinance was passed by the town council of North Providence on the 4th day of March, a. d. 1850, and is entitled, " An ordinance for the government and regulation of the police of the town of North Providence," and provides, that " every person who shall be convicted of riotous or disorderly conduct in the streets or highways or other public places in said town, by obstructing in a disorderly manner any street or sidewalk, or by loud shouting, or obscene language, to the annoyance of any of the peaceable inhabitants of said town or passengers in any street or highway of the same, shall, upon conviction thereof, pay a fine of not less than one, nor more than twenty dollars,

25 *

and in default of paying the fine, shall be committed to the bridewell or the county jail."

The complaint in this case is made under, and comes within the provisions of this ordinance. Subsequently to the passage of this ordinance, it seems that the town council passed a new by-law, establishing the ordinances of the town of North Providence, and prescribing the time when they should go into effect. By the provisions of this new by-law, certain enumerated ordinances are declared to be the ordinances of the town ; all such of them as are new ordinances, and such of them as are amendments or alterations of previous ordinances to go into operation on the 15th day of December, 1858. The ordinance under which this complaint is made is not among those enumerated. Among the ordinances established by the by-law establishing ordinances, is an ordinance prescribing the mode of prosecuting for violations of the ordinances of the town, in which it is provided, that all complaints under these ordinances shall be made within ten days after the commission of the offence ; and another, by which all ordinances which are repugnant to the provisions of the aforenamed ordinances are declared to be repealed from and after the 15th day of December, 1850. The provision limiting the time within which prosecutions are to be commenced, is, by express language, applied to the " aforegoing ordinances ;". *i. e.* those established by the by-law establishing certain ordinances enumerated by their titles, among which the ordinance under which this complaint is made is not found. The repealing act is of all ordinances which are repugnant to the provisions of the aforenamed ordinances. The ordinance under which this complaint is made is not repugnant, and therefore is not repealed by that act.

There is one other ground on which it is contended that the ordinance, under which this complaint is made, is inoperative ; and that is, that in the fourth section of the act of the General Assembly, entitled, " An act authorizing the town of North Providence to establish bridewells and for other purposes," it is enacted, that " Any person who shall be found intoxicated, or quarrelling or revelling, or wantonly making a false alarm or cry of fire, or otherwise behaving in a disorderly or indecent

manner, to the disturbance of the orderly people of said town, in any public street, lane, public building, or other public place, wharf, or common, in said town, or shall aid, incite or encourage the same to be done, shall, on conviction thereof, be sentenced to pay a fine not exceeding five dollars, or be imprisoned not exceeding ten days, &c." This act was passed in the year 1852, subsequently to the passage of the town ordinance under which the complaint was made. If it embraces the same subject-matter with the ordinance, it is contended, that the ordinance is superseded and rendered inoperative. It would be incompatible that a town ordinance, with one penalty against an offence, should coexist with a public law, having a different penalty against the same offence ; and the Revised Statutes, ch. 34, p. 102, provides, in sec. 18, that no ordinance or regulation whatever made by a town council, shall impose, or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor, or offence, by the statute law of the state.

Upon a comparison of the ordinance under which this complaint is made, with the statute by which it is contended that it is superseded, we find a total difference of phraseology. The *ordinance* is against riotous or disorderly conduct in the streets, committed by obstructing any street or sidewalk, or by loud shouting or obscene language, to the annoyance of any of the peaceable inhabitants or passengers in said highways or streets ; the *statute* is against drunkenness, revelling, quarrelling, or raising the false alarm of fire, or otherwise behaving in an indecent or disorderly manner to the disturbance of the orderly people of said town. One is against annoyance to any inhabitant *or passenger ;* the other is against the disturbance of the orderly people of said *town.* One aims to protect inhabitants or passengers against private annoyance ; the other to secure the orderly people against public disturbance. So we think they well may stand together, one imposing a penalty for one offence, the other for another.

The motion to set aside the verdicts upon these complaints must, therefore, be overruled, and the defendant called for sentence.